**SO ORDERED.**

**SIGNED this 20th day of December, 2019.**



Dale L. Somers
United States Chief Bankruptcy Judge

___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In re:** | |
| **Dewey Dennis Preston,** | Case No. 18-41253 |
| | Chapter 12 |
| **Debtor.** | |

### Memorandum Opinion and Judgment Finding that Claim of CNH Industrial Capital America, LLC is Unsecured

In this Chapter 12 case, Debtor Dewey Dennis Preston's proposed plan[1] treats the claim of CNH Industrial Capital of America, LLC (hereafter CNH) as unsecured. According to Debtor, CNH's security interest in Debtor's non-

___

[1] Doc. 95.

titled personal property is unperfected because CNH's filed financing statements do not correctly state Debtor's name. CNH objected to the proposed plan.[2] Debtor also filed an objection to CNH's claim,[3] to which CNH responded.[4] A joint stipulation of facts was filed,[5] the perfection issue was fully briefed, and oral arguments were heard.[6]

For the reasons discussed below, the Court finds that under Article 9 of the Kansas Uniform Commercial Code, which requires the use of Debtor's name on financing statements as stated on his driver's license, CNH's security interest in untitled personal property is unperfected and therefor CNH's claim is properly treated as unsecured in Debtor's proposed plan. Both of CNH's financing statements state Debtor's name as "Preston D.Dennis." "Preston" is in the box for Surname, and "D.Dennis" is in the box for First Personal Name. The "Additional name(s)/initial(s)" box is blank. Because Debtor's name stated on his driver's license is "Preston D Dennis," without a period and with a space, Article 9 of the Kansas Uniform Commercial Code

---

[2] Doc. 122.

[3] Doc. 150.

[4] Doc. 177.

[5] Doc. 156.

[6] Debtor appears by David R. Klaassen. CNH appears by Kelsy N. Frobisher.

2

regarding financing statements requires the conclusion that CNH's financing statements were ~~was~~ "seriously misleading," and not saved from that fate by the "safe harbor." CNH's financing statements are therefore ineffective.[7]

I.   **Findings of Fact**

The stipulated facts are as follows. Debtor's full legal name is Dewey Dennis Preston. His father's name is Dewey Denzil Preston. To avoid confusion, Debtor has historically held himself out as "D. Dennis Preston" (with a period and a space). Debtor filed for relief under Chapter 12 on October 3, 2018. Until June 7, 2019, Debtor's Kansas driver's license displayed his name as "Preston D Dennis" (without a period but with a space).[8]

---

[7] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2018). A determination of the validity, extent, or priority of liens is a core proceeding that ths Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(K). There is no objection to venue or jurisdiction over the parties.

[8] After the bankruptcy case was filed, Debtor obtained a new Real ID Kansas driver's license. The name stated thereon is "Dewey Dennis Preston." Debtor initially argued that this change was material to the perfection issue and briefs addressed this issue, but Debtor later abandoned that position. See K.S.A. 84-9-507(c) (governing a change in a debtor's name and whether a financing statement becomes "seriously misleading" because of that name change).

Prepetition Debtor entered into the two Retail Installment Sale and Security agreements with CNH that are the subject of this dispute.[9] On June 26, 2015, Debtor executed documents for financing his purchase of a Case combine, and on January 5, 2016, he executed documents for financing his purchase of a Case combine header. On June 29, 2015, CNH filed a UCC-1 financing statement to perfect its purchase money lien on the combine, and on January 8, 2016, CNH filed a UCC-1 financing statement to perfect its lien on the combine header. Both of these UCC-1's list Debtor's name as "Preston D.Dennis" (with a period but no space). Preston is in the box for Surname, and "D.Dennis" is in the box for First Personal Name. The "Additional name(s)/initial(s)" box is blank.

## II. Conclusions of Law

### A. Positions of the Parties

The issue is whether CNH's financing statements for the combine and the header are effective to perfect its security interests. Debtor devoted his brief to showing that they are not. According to Debtor, as stated in his opening and responsive briefs, because CNH's financing statements did not

---

[9] In addition, on September 27, 2013, Debtor executed documents with CNH for financing his purchase of a Case tractor. Postpetition that contract was assigned to a third party who has not participated in this litigation or filed a proof of claim.

4

state the name of Debtor in the manner required by K.S.A. 84-9-503[10] and because an official UCC search using Debtor's name as required by Article 9 does not locate the financing statements, CNH's interests are unperfected. CNH argues that its financing statements perfected its security interests because Debtor has admitted that CNH is perfected and because the financing statements correctly state Debtor's name.

### B. The Court Rejects CNH's Waiver Defense

CNH's first defense that Debtor has admitted the CNH financing statements are effective to perfect CNH's security interests is based upon paragraph 18 of the parties' joint stipulation of facts. That paragraph states, "As of May 6, 2019, Debtor (via counsel) reported to the Court that his initial concerns about Debtor's name and lien validity had been investigated and evaluated and that Debtor had concluded . . . CNH [is] properly secured as asserted in [its] claims."[11] At oral argument, the Court made inquiry about this defense. Counsel for CNH could not identify any reliance on Debtor's counsel's report. Debtor's counsel advised the Court that the report was made before examination of CNH's financing statements and was based upon

---

[10] K.S.A. 2018 Supp. 84-9-503. Except as otherwise stated or required by the context, references in the text to Article 9 of the Kansas Uniform Commercial Code are to the 2018 Supplement.

[11] Doc. 156.

5

representations of CNH's counsel that CNH was properly perfected. CNH's counsel did not dispute this information, and did not advise the Court that she wished to pursue the defense. The Court therefore rejects the suggested defense that Debtor has admitted that CNH is secured.

    **C.    Controlling Sections of Article 9 of the Kansas Uniform Commercial Code**

The narrow issue before the Court is therefore whether CNH's UCC-1 financing statements filed on June 29, 2015 and on January 8, 2016 are effective to perfect CNH's security interests. In this case, where both the collateral and Debtor are located in Kansas, Kansas law determines the perfection or nonperfection of a security interest.[12] Under Kansas law, a financing statement must be filed with the Office of the Kansas Secretary of State to perfect a security interest in non-titled personal property, such as Debtor's combine and header.[13] A financing statement is sufficient only if it: provides the name of the debtor; provides the name of the secured party; and indicates the collateral covered by the financing statement.[14] Section 84-9-503(a)(4) then provides that if the debtor is an individual to whom Kansas

---

[12] K.S.A. 2018 Supp. 84-9-301.

[13] K.S.A. 2018 Supp. 84-9-310 and 84-9-501.

[14] K.S.A. 2018 Supp. 84-9-502(a).

6

has issued a driver's license or identification card, the name of the debtor is sufficiently stated "*only* if the financing statement provides the name of the individual which is indicated on the driver's license or identification card."[15] In this case, the relevant names are as follows:

|  | **Surname** | **First Name** | **Middle Name** |
|---|---|---|---|
| **License** | Preston | D | Dennis |
| **UCC-1** | Preston | D.Dennis | |

The effect of errors or omissions on a financing statement are addressed by K.S.A. 84-9-506. It provides in part:

> **(a) Minor errors and omissions.** A financing statement substantially satisfying the requirements of this part is effective, even if it has minor errors or omissions, unless the errors or omissions make the financing statement seriously misleading.
>
> **(b) Financing statement seriously misleading.** Except as otherwise provided in subsection (c), a financing statement that fails sufficiently to provide the name of the debtor in accordance with K.S.A. 84-9-503(a), and amendments thereto, is seriously misleading.

Accordingly, under subsections (a) and (b), a financing statement that does not use the name of the debtor from the debtor's driver's license or

---

[15] Emphasis added.

identification card, as required by K.S.A. 84-9-503(a)(4), is seriously misleading and therefore ineffective to perfect the security inst.

There is an exception under the "safe harbor" of K.S.A. 84-9-506(c). It provides:

> **(c) Financing statement not seriously misleading.** If a search of the records of the filing office under the debtor's correct name, using the filing office's standard search logic, if any, would disclose a financing statement that fails sufficiently to provide the name of the debtor in accordance with K.S.A. 84-9-503(a), and amendments thereto, the name provided does not make the financing statement seriously misleading.

In other words, if the financing statement could be found by performing a search using the filing office's standard search logic, then the financing statement would not be "seriously misleading," even if it did not comply with K.S.A. 84-9-503(a)(4).

The current requirement of K.S.A. 84-9-503(a)(4)—that the name on the financing statement must be that indicated on the debtor's driver's license—was enacted by the 2012 Kansas legislature.[16] K.S.A. 84-9-506 has not been amended since 2000.

Prior to its amendment in 2012, K.S.A. 84-9-503(a)(5)(A) provided that a financing statement sufficiently provided the name of the debtor, "[i]f the

---

[16] L. 2012, ch. 84.

8

debtor has a name, only if it provides the individual . . . name of the debtor."
This requirement spawned litigation.[17] The Kansas Supreme Court in
*Pankratz Implement Co.*[18] held that a financing statement using the debtor's
name "Roger House," rather than the debtor's correct name, "Rodger House,"
was seriously misleading and ineffective. The court held that the creditor's
"use of debtor's misspelled name failed to provide the individual name of the
debtor in accord with K.S.A. 2003 Supp. 84-9-503(a)."[19] Under K.S.A. 2003
Supp 84-9-506(a), the financing statement was therefore ineffective unless it
was not seriously misleading. Under K.S.A. 2003 Supp. 84-9-506(b), a
financing statement that failed to provide the name of the debtor in accord
with K.S.A. 2003 Supp. 84-9-503(a) was seriously misleading unless it
satisfied the safe harbor of K.S.A. 2003 Supp. 9-506(c). But the creditor was
not rescued by the safe harbor because using the debtor's correct name and

---

[17] *See, e.g.*, *Clark v. Deere & Co. (In re Kinderknecht)*, 308 B.R. 71 (10th Cir. BAP 2004); *Morris v. Snap-On Credit, LLC (In re Jones)*, No. 05-16909, 2006 WL 3590097 (Bankr. D. Kan. Dec. 7, 2006); *Parks v. Berry (In re Berry)*, No. 05-14423, 2006 WL 3499682 (Bankr. D. Kan. Dec. 1, 2006); *Morris v. Snap On Credit, LLC (In re Stewart)*, No. 04-16838, 2006 WL 3193374 (Bankr. D. Kan. Nov. 1, 2006); *Parks v. Berry (In re Berry)*, No. 05-14423, 2006 WL 2795507 (Bankr. D. Kan. Sept. 26, 2006); *Nazar v. Bucklin Nat'l Bank (In re Erwin)*, No. 02-10227, 02-5176, 2003 WL 21513158 (Bankr. D. Kan. June 27, 2003). With the exception of *In re Erwin*, these cases strictly construe the K.S.A. 84-9-503 name requirement.

[18] *Pankratz Implement Co. v. Citizens Nat'l Bank*, 281 Kan. 209, 130 P.3d 57 (2006).

[19] *Id.* at 216, 130 P.3d at 62.

9

the filing office's standard search logic did not reveal the security interest with the misspelled name. The court read K.S.A. 2003 Supp. 84-9-503 together with K.S.A. 2003 Supp. 84-9-506 and interpreted them as part of "a whole scheme" and rejected reliance on one section alone.[20] The court reasoned that the language used by the legislature and the intent behind the statutes "had the effect of shifting the responsibility of getting the name on the financing statement to the filing party, thereby enabling the searching party to rely upon that name and eliminating the need for multiple searches using variations of the debtor's name."[21]

The Kansas Supreme Court in *Pankratz Implement Co.* relied upon the decision of the Bankruptcy Panel for the Tenth Circuit in *Kinderknecht*.[22] In that case, the panel reversed a decision of the bankruptcy court and held that the use in the financing statement of the debtor's nick name, Terry J. Kinderknecht, rather than his legal name, Terrance J. Kinderknecht, was seriously misleading. The Kansas Supreme Court found the *Kinderknecht* panel decision sound and quoted the following portion of its reasoning:

---

[20] *Id.* at 220, 130 P.3d at 64.

[21] *Id.* at 217, 130 P.3d at 63.

[22] *In re Kinderknecht*, 308 B.R. at 71.

10

[K.S.A. 2003 Supp. 84–9–503 requiring use of an individual's debtor' name] was enacted to clarify the sufficiency of a debtor's name in financing statements. The intent to clarify when a debtor's name is sufficient shows a desire to foreclose fact-intensive tests, such as those that existed under the former Article 9 of the UCC, inquiring into whether a person conducting a search would discover a filing under any given name. Requiring a financing statement to provide a debtor's legal name is a clear cut test that is in accord with that intent.

Furthermore, § 84–9–503, read as a whole, indicates that a legal name should be used for an individual debtor. In the case of debtor-entities, § 84–9–503(a) states that legal names must be used to render them sufficient under § 84–9–502(a). Trade names or other names may be listed, but it is insufficient to list a debtor by such names alone. A different standard should not apply to individual debtors. The more specific provisions applicable to entities, together with the importance of naming the debtor in the financing statement to facilitate the notice filing system and increase commercial certainty, indicates that an individual debtor must be listed on a financing statement by his or her legal name, not by a nickname.

Our conclusion that a legal name is necessary to sufficiently provide the name of an individual debtor within the meaning of § 84–9–503(a) is also supported by four practical considerations. First, mandating the debtor's legal name sets a clear test so as [to] simplify the drafting of financing statements. Second, setting a clear test simplifies the parameters of UCC searches. . . . Third, requiring the debtor's legal name will avoid litigation as to the commonality or appropriateness of a debtor's nickname, and as to whether a reasonable searcher would have or should have known to use the name. Finally, obtaining a debtor's legal name is not

> difficult or burdensome for the creditor taking a secured interest in a debtor's property. Indeed, knowing the individual's legal name will assure the accuracy of any search that creditor conducts prior to taking its secured interest in property.[23]

In 2010, the Uniform Law Commission of the American Law Institute approved alternatives for amending § 9-503 of the Uniform Commercial Code to clarify the name of an individual debtor to be used on a financing statement. In 2012, Kansas adopted one of the alternatives, with minor change that is not relevant. K.S.A. 84-9-503 now provides in part:

> **(a) Sufficiency of debtor's name.** A financing statement sufficiently provides the name of the debtor:
>
> * * *
>
> (4) subject to subsection (g) [addressing circumstance when debtor has more than one drivers' licenses or identification cards], if the debtor is an individual to whom this state has issued a driver's license or identification card that has not expired, only if the financing statement provides the name of the individual which is indicated on the driver's license or identification card;

Accordingly, under the law in effect currently and when CNH filed its financing statements, a financing statement is effective *only* if it provides the name of the debtor as stated on his or her driver's license or identification card. It is not difficult or burdensome for a lender to review the name on a

---

[23] *Pankratz Implement Co. v. Citizens Nat'l Bank*, 281 Kan. at 223-24, 130 P.3d at 66-67 (quoting *In re Kinderknecht*, 308 B.R. at 75-76).

borrower's driver's license and correctly complete the UCC-1 using that name.

There are no reported Kansas cases construing the name requirement since the 2012 amendment.[24] The change from requiring the "individual . . . name of the debtor" to the "name indicated" on the debtor's driver's license is the only relevant amendment of Article 9 since the *Pankratz Implement Co.* decision. Section 9-506 has not been amended. The interpretation of sections 9-503 and 9-506 in *Pankratz Implement Co.* is therefore applicable to the current version of Article 9, with substitution of the section 9-503(a)(4) requirement of using the debtor's driver's license name in place of the debtor's individual name. That interpretation requires that a financing statement, without any variation, accurately reflect the name on the driver's license, unless the official search safe harbor is satisfied.

The official commentary to the 2010 revision of the uniform law supports the requirement that the financing statement accurately reflect the debtor's driver's license name. It states in part:

> *Name indicated on the driver's license.*

---

[24] There are at least two reported cases from other jurisdictions construing the required use of the name of an individual's name reflected on the debtor's driver's license after the 2010 amendment. Both hold that a filing was seriously misleading when the it omitted the debtor's middle initial that was stated on the divers' license. *Pierce v. Farm Bureau Bank (In re Pierce)*, 581 B.R. 912 (Bankr. S.D. Ga. 2018); *Mainsource Bank v. Leaf Capital Funding, LLC (In re Nay)*, 563 B.R. 535 (Bankr. S.D. 2017).

13

> A financing statement does not "provide the name of the individual which is indicated" on the debtor's driver's license unless the name it provides is the same as the name indicated on the license. *This is the case even if the name indicated on the debtor's driver's license contains an error.*
>
> Example 1: Debtor, an individual whose principal residence is in Illinois, grants a security interest to SP in certain business equipment. SP files a financing statement with the Illinois filing office. The financing statement provides the name appearing on Debtor's Illinois driver's license, "Joseph Allan Jones.". . .
>
> A filing against "Joseph A. Jones" or "Joseph Jones" would not "provide the name of the individual which is indicated" on the debtor's driver's license. . . .If there is any doubt about an individual debtor's name, a secured party may choose to file one or more financing statements that provide a number of possible names for the debtor and a searcher may similarly choose to search under a number of possible names.[25]

The Court concludes that Article 9 required CNH to file its financing statement using Debtor's name from his driver's license: "Preston D Dennis."

### D. CNH's Financing Statements are Seriously Misleading

As stated above, CNH's financing statements used "Preston" as Debtor's surname and "D.Dennis" as his first name. Debtor's driver's license indicates his name is "Preston D Dennis;" there is no period following D, and there is a space between D and Dennis. To reflect the name on Debtor's

---

[25] U.C.C. § 9-503, cmt. 2(d) (2010) (emphasis added).

driver's license, as required by K.S.A. 84-9-503(a)(4), the financing statements should have stated Preston as Debtor's surname, D as his first name, and Dennis as his middle name. Although the difference between the name as stated by CNH and the correct name is minor, K.S.A. 84-9-503)(a)(4) and K.S.A. 84-9-506 (when construed together in the manner required by the Kansas Supreme Court decision in *Pankratz Implement Co.*) and the Official Commentary to UCC § 9-503 compel the conclusion that Debtor's name is not correctly stated and is seriously misleading.

Without citing any case law authority, CNH urges that its financing statements correctly indicate the name on Debtor's driver's license. It argues that the license does not identify the fields as "first," "personal," or "middle," and there is nothing to indicate that periods and spaces change what constitutes a name. But this position ignores what the diver's license reflects; it states the name is "Preston D Dennis." It does not include a period and does include a space between D and Dennis. K.S.A. 84-9-503(a)(4) provides a financing statement sufficiently states the name of an individual debtor ***only*** if it reflects the name on the driver's license. As *Pankratz Implement Co.* holds, a minor error—the omission of the letter "d" from the name

"Rodger"—is material.[26] As stated in the U.C.C. commentary, the name used on the financing statement must be exactly the name reflected on the driver's license, even if that name on the driver's license contains errors. If there is question about the name stated on the license, or an ambiguity, the commentary suggests filing under more than one name. In this case, particularly since "D.Dennis" is not a recognizable first personal name, it would have been prudent for CNH to have done so.

K.S.A. 84-9-506, entitled effect of error or omissions, does not excuse CNH's failure to use Debtor's name as reflected on his driver's license. Subsection (b), which provides a financing statement is seriously misleading if it fails to comply with K.S.A. 84-9-504(a) reinforces the necessity of using the driver's license name. Subsection (c) provides a safe harbor, providing that a financing statement name that does not satisfy K.S.A. 84-9-504(a) is nevertheless not seriously misleading if a search using the filing office's official search logic and the debtor's correct name would locate the filing. In this case the record contains two official searches, one using "Dewey Dennis

---

[26] *See also Rushton v. Standard Indus., Inc. (In re C.W. Mining Co.),* 488 B.R. 715, 728 (D. Utah 2013) (use of "CW Mining Company" as the name of an organization was seriously misleading when the correct name was named "C.W. Mining Co.").

Preston" and one using "D Dennis Preston."[27] Neither located either of CNH's financing statements.

### III. Conclusion

For the foregoing reasons, the Court sustains Debtor's position that CNH's security interests in the combine and header are not perfected. Debtor's objection to CNH's proof of claim[28] is sustained.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter. The judgment based on this ruling stated above will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**It is so ordered.**

###

---

[27] For purposes of § 9-506(c) the "name of the Debtor" is the name as stated on the debtor's driver's license. *In re Nay*, 563 B.R. at 538; *In re Pierce*, 581 B.R. at 922.

[28] Doc. 150.

17